**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NISHA BROWN and KATHY WILLIAMSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs - Appellees,<br><br> v.<br><br>WAL-MART STORES, INC.,<br><br>    Defendant - Appellant. | No. 12-17623<br><br>D.C. No. 5:09-cv-03339-EJD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued December 2, 2013
Submitted June 8, 2016
San Francisco, California

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Wal-Mart Stores, Inc. appeals the district court's order granting class

certification to all Wal-Mart cashiers in California.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1.     The district court did not abuse its discretion by certifying the class.  Wal-Mart challenges the district court's decision to certify the class with respect to its conclusions on commonality, *see* Fed. R. Civ. P. 23(a)(2), and predominance, *see* Fed. R. Civ. P. 23(b)(3).  The commonality rule requires a plaintiff to show that "there are questions of law or fact common to the class."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (quoting Fed. R. Civ. P. 23(a)(2)).  Moreover, such common questions of law or fact "must be of such a nature that it is capable of classwide resolution."  *Id.* at 350.  Rule 23(b)(3)'s predominance requirement "is even more demanding than Rule 23(a)."  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).  "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 622 (1997).

The district court did not abuse its discretion by concluding that the proposed class met Rule 23(a)(2)'s commonality requirement.  The district court concluded that "Wal-Mart had a common policy of not providing seats for its cashiers."  The district court also concluded that there was a common nature of work among the proposed class, finding that (1) "Wal-Mart cashiers spent the

majority of their time working at registers during the class period,"[1] and (2) the work done by cashiers at registers was generally the same across stores, register locations and configurations, shifts, and physical activities. These findings support the district court's conclusion that "a trier of fact could determine whether these common tasks could reasonably be performed while seated, and such a determination would apply to all Wal-Mart cashiers at its California stores." The answer to this question would either establish a violation of California Wage Order 7-2001 § 14(A), or preclude finding one, for all class members. Likewise, the district court did not abuse its discretion by concluding that the proposed class met Rule 23(b)(3)'s predominance requirement. Based on the district court's factual

---

[1] By reviewing whether cashier's spent the majority of their time working at registers, the district court appears to have applied a "holistic approach" in interpreting California Wage Order 7-2001 § 14(A). Such an interpretation is inconsistent with the California Supreme Court's recent guidance in *Kilby v. CVS Pharmacy, Inc.*, 368 P.3d 554 (Cal. 2016). However, this error does not undermine the district court's class certification decision, because the California Supreme Court's interpretation of the Wage Order appears to be more beneficial for Plaintiffs than the holistic interpretation used by the district court.

findings, individual issues will not predominate in determining whether Wal-Mart has violated California Wage Order 7-2001 § 14(A).[2]

2.      California's Private Attorneys General Act of 2004 ("PAGA") does not require individualized penalty inquiries that would defeat the commonality or predominance requirements for purposes of class certification.[3]  PAGA specifies civil penalties for violations of California's Labor Code.  *See* Cal. Labor Code § 2699(f).  Although these civil penalties are "mandatory, not discretionary," *see Amaral v. Cintas Corp. No. 2*, 78 Cal. Rptr. 3d 572, 617 (Cal. Ct. App. 2008), "a court may award a lesser amount than the maximum civil penalty . . . based on the facts and circumstances of the particular case," Cal. Labor Code § 2699(e)(2).  However, even if the district court decides to reduce the mandatory civil penalty, section 2699(e)(2) calls for a case-wide (rather than individualized) inquiry.  *See*

---

[2]Wal-Mart asks us to take judicial notice of an Amicus Brief of the California Labor Commissioner that addresses how the California Labor and Workforce Development Agency interprets the Wage Order.  In light of the California Supreme Court's recent guidance, this motion for judicial notice is DENIED as moot.

[3]We also note that PAGA's system for determining civil penalties is readily distinguishable from *Hilao v. Estate of Marcos*, 103 F.3d 767 (9th Cir. 1996).  In *Hilao*, we permitted the use of a statistical sample of a class to estimate damages. *Id.* at 782–86.  Such statistical sampling is not used to estimate penalties under PAGA.  Instead, PAGA establishes a specific penalty "for each aggrieved employee."  Cal. Labor Code § 2699(f).

Cal. Labor Code § 2699(a) ("[A]n aggrieved employee on behalf of himself or herself and other current or former employees" may bring a civil action.); *Thurman v. Bayshore Transit Mgmt., Inc.*, 138 Cal. Rptr. 3d 130, 150 (Cal. Ct. App. 2012) (applying section 2699(e)(2) to reduce the civil penalty based on the facts of the case as a whole, as opposed to on an employee-by-employee basis).

3.     The district court did not abuse its discretion by excluding affidavits from certain witnesses submitted by Wal-Mart in its response to Plaintiffs' motion for class certification.  Wal-Mart was obliged under Federal Rules of Civil Procedure 26(a) and (e) to disclose these witnesses to Plaintiffs before relying on their statements in response to Plaintiffs' motion for class certification.  Further, Wal-Mart did not raise any issues with Plaintiffs' request for discovery sanctions before the district court and did not demonstrate that its failure to disclose was substantially justified or harmless.  *Cf. Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.)*, 627 F.3d 376, 386 (9th Cir. 2010) ("[F]or Plaintiffs to fail to respond to Defendants' objections, and to then challenge the district court's evidentiary rulings on appeal, is to invite the district court to err and then complain of that very error.  We cannot countenance such a tactic on appeal.").

**AFFIRMED.**